# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sihir Hassan Zihir, | No. CV 10-2393-PHX-DGC (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter arises on Petitioner's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, doc. 15. Respondents filed an Answer, doc. 23, to which Petitioner has replied, doc. 26. For the reasons set forth below, the Petition should be denied.

**I. Factual and Procedural Background**

    **A. Conviction, Sentencing, Appeal, and Post-Conviction Proceedings**

On January 20, 1982, Petitioner[1] was convicted in the Superior Court of Arizona, Pinal County, of dangerous or deadly assault by an inmate in custody, and possession of a dangerous or deadly instrument by an inmate in custody. (Respondents' Exh. A) On February 16, 1982, the trial court[2] sentenced Petitioner to a mandatory term of life imprisonment without the possibility of parole until serving, at least, 25 years on the assault conviction. The court sentenced Petitioner to four years' imprisonment on the possession of a deadly weapon

---

[1] Petitioner was formerly known as David Samuel Goldston.

[2] The Honorable E.D. McBryde presided over the trial and sentencing.

conviction. (Respondents' Exh. B) The court ordered that the sentences be served consecutively to a sentence Petitioner was already serving on a separate conviction. (*Id.*)

On January 3, 1982, Petitioner filed a direct appeal, asserting the following claims: (1) the trial court abused its discretion in denying his motion for a mistrial based on juror misconduct; and (2) the prosecutor engaged in misconduct during closing arguments. (Respondents' Exh. C) On September 30, 1982, the court affirmed Petitioner's convictions and sentenced. (Respondents' Exh. D)

Thereafter, Petitioner commenced a post-conviction action, which was dismissed on April 29, 1987. (Respondents' Exh. E) Petitioner did not seek review in the Arizona Court of Appeals. (Doc. 15-1 at 5)

**B. Parole**

Years later, on November 28, 2009, Petitioner sent a letter to the Arizona Board of Executive Clemency asserting that he was entitled to a hearing to determine his parole status on April 12, 2009, but that no such hearing had been held. (Respondents' Exh. G) Petitioner also filed an Inmate Grievance in June 2010 with the Arizona Department of Corrections ("ADC") complaining that he had erroneously been deemed ineligible for a parole-eligibility hearing. In response, ADC informed Petitioner that his sentence required him to serve 25 years before there was any possibility of parole. The ADC also informed Petitioner that there was no guarantee that he would be considered for parole even after serving 25 years of his sentence. (Respondents' Exhs. F) The ADC further explained that, under his original sentence, Petitioner would have been eligible for a hearing in July 2009, but, due to disciplinary violations, his earliest possible parole eligibility date was now April 29, 2012. (Respondents' Exhs. F) Petitioner pursued an administrative appeal of this decision which was denied on August 18, 2010. (Respondents' Exh. H)

**C. Federal Habeas Corpus Petition**

On November 4, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1) The Court dismissed the Petition with leave to amend to allege a violation of federal constitutional or statutory rights. (Doc. 8) On April 13, 2011, Petitioner

ultimately filed a Second Amended Petition raising four claims. (Doc. 15) As Respondents note, although the Petition includes four separate grounds for relief, he essentially raises a single claim, arguing that the ADC improperly calculated the date on which he is eligible for a hearing determine his parole eligibility. (Doc. 15-1 at 6)

Respondents concede that, because Petitioner does not challenge his underlying convictions, but rather the alleged denial of a parole eligibility hearing, the Petition is timely under 28 U.S.C. § 2244(d)(1) (stating that the one-year limitations period begins to run on "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence."). (Doc. 23 at 3-4) Respondents argue that the Second Amended Petition should be dismissed because it does not state a federal claim and, therefore, is not cognizable on federal habeas corpus review pursuant to 28 U.S.C. § 2254. In his Reply, Petitioner re-urges the merits of his claim. (Doc. 26)

**II. Analysis**

Petitioner argues that the ADC improperly calculated the date on which he is entitled to a hearing to determine his eligibility for parole. Petitioner contends that he has served more than 25 years of his "twenty-five-years-to-life sentence," and was eligible to be considered for parole on April 12, 2009. (Doc. 15 at 6) Petitioner contends that ADC has denied him the opportunity to apply for release on parole in violation of the Fourteenth Amendment. (*Id*. at 8)

Title 28 U.S.C. § 2254(a) sets forth the scope of federal habeas corpus review:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in *violation of the Constitution or laws or treaties of the United States*.

28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has repeatedly stated that the habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. ___, 131 S.Ct. 13, 15 (2010) (*per curiam*) (quoting 28 U.S.C. § 2254(a)). Accordingly, "[a]

- 3 -

habeas petition must allege the petitioner's detention violates the constitution, a federal statute or a treaty." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). "[F]ederal habeas corpus does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Gilmore v. Taylor*, 508 U.S. 333, 349 (1993) (stating that "mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas."). The purpose of habeas proceedings under § 2254 is to ensure that state convictions satisfy federal constitutional requirements applicable to states. *Burkey v. Deeds*, 824 F.Supp. 190, 192 (D.Nev. 1993). A habeas petitioner cannot "transform a state law issue into a federal one by merely asserting a violation of due process." *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (quoting *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)).

Petitioner argues that, although he has served 25 years of his sentence, he has been denied a hearing to determine whether he is eligible for parole in violation of the Fourteenth Amendment. Petitioner's challenge to the parole procedure involves the interpretation and application of Arizona law. The United States Supreme Court has held that a parole-eligibility claim is not cognizable on federal habeas corpus review. *Swarthout v. Cooke*, __ U.S.__, 131 S.Ct. 859, 861 (2011) (holding that the application of constitutionally adequate parole procedures are issues of state law and not subject to federal habeas corpus review.); s*ee also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (finding that petitioner's claim that the state court erred in imposing consecutive sentences was not cognizable in federal habeas); *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993) (holding that "claim regarding merger of convictions for sentencing is exclusively concerned with state law and therefore not cognizable in a federal habeas corpus proceeding."); *McCowan v. Nelson,* 436 F.2d 758, 759 (9th Cir. 1970) (holding that defendant's challenge to the state's application of parole statutes raised only questions of state law, and thus was not cognizable on federal habeas corpus review); *Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986) (holding that parole eligibility is a question of state law not cognizable on federal habeas corpus review).

Additionally, federal courts have held that the denial of parole does not increase a sentence, but simply preserves the status quo - the sentence remains as originally imposed - and thus, there is no federal right to have specific release and eligibility dates calculated. *Roach v. Board of Pardons and Paroles*, 503 F.2d 1367, 1368 (8th Cir. 1974) (*per curiam*). The Supreme Court has recognized that "there is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout*, 131 S.Ct. at 862.

Although Petitioner alleges a violation of the Fourteenth Amendment to the United States Constitution, his conclusory citation does not transform his state-law claim into a federal one. *Poland*, 169 F.3d at 584. Because Petitioner challenges the application of state law, his claims are not cognizable on federal habeas corpus review. 28 U.S.C. § 2254; *McGuire*, 502 U.S. at 67-68; *Jackson v. Ylst*, 921 F.2d 882 (9th Cir. 1990) (federal court has no authority to review state application of state law); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (refusing to consider alleged errors in violation of state sentencing law). Accordingly, the Petition should be dismissed. In view of the determination that Petitioner's claims are not cognizable on federal habeas corpus review, the Court need not consider Respondents' alternative arguments.

In accordance with the foregoing,

**IT IS RECOMMENDED** that Petitioner's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, doc. 15, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1);

Rules 72, 6, Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 6th day of October, 2011.

Lawrence O. Anderson
United States Magistrate Judge