**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sihir Hassan Zihir,<br><br>          Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No. CV10-2393-PHX-DGC<br><br>**ORDER** |

In 1982, Petitioner Sihir Hassan Zihir[1] was convicted in Pinal County Superior Court, Case No. 9553, of dangerous or deadly assault by an inmate in custody and possession of a dangerous or deadly instrument by an inmate in custody. Doc. 23-1, at 2. On February 16, 1982, the trial court sentenced Zihir to a mandatory term of life imprisonment without the possibility of parole until he served at least 25 years on the assault conviction. The court sentenced Zihir to four years' imprisonment on the possession of a deadly weapon conviction. Doc. 23-1, at 16. The court upheld Zihir's convictions and sentences on direct appeal and dismissed his post-conviction action. Doc. 23-1, at 62, 68. Zihir did not seek review in the Arizona Court of Appeals.

In 2009, Zihir sent a letter to the Arizona Board of Executive Clemency asserting that he was entitled to a hearing to determine his parole status, but that no such hearing had been held. Doc. 23-1, at 72. Zihir also filed an Inmate Grievance in June 2010 with

---

[1] Petitioner was formerly known as David Samuel Goldston.

the Arizona Department of Corrections ("ADC"), complaining that he had been erroneously deemed ineligible for a parole-eligibility hearing. The ADC explained that Zihir would have been eligible for a hearing in July 2009 under his original sentence, but that because of disciplinary violations, his earliest possible parole eligibility date was now April 29, 2012. Doc. 23-1, at 70. Zihir's administrative appeal of this decision was denied on August 18, 2010. Doc. 23-1, at 75.

On November 4, 2010, Zihir filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Doc. 1. The Court dismissed the petition and gave Zihir leave to amend to allege a violation of federal constitutional or statutory rights. Doc. 8. On April 13, 2011, Zihir filed a second amended petition raising four claims for habeas relief. Doc. 15. The Court required Respondents to answer the petition. Doc. 16, at 2. Respondents filed an answer (Doc. 23) and Zihir filed a reply (Doc. 26). United States Magistrate Judge Lawrence O. Anderson issued a report and recommendation ("R&R"), finding that Zihir's claims were not cognizable on federal habeas review. Doc. 29. Judge Anderson recommended that Zihir's petition be denied and that a certificate of appealability ("COA") and leave to proceed *in forma pauperis* on appeal be denied. *Id.* Zihir has filed an objection to the R&R (Doc. 33) and Respondents have filed a response (Doc. 34). Neither party has requested oral argument. For the reasons below, the Court will accept the R&R and deny the petition.

**I.     Standard of Review.**

A party may file specific written objections to the R&R's proposed findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R & R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## II. Discussion.

Zihir objects to Judge Anderson's findings on the ground that he has "satisfied the superior court's sentencing commitment" and yet "the Department of Corrections, which is a state-entity, refuses to certify this Petitioner eligible for parole . . . ." Doc. 33, at 2, 3. Zihir argues that "[t]he problem lies with the Department of Corrections administrator's inability to correctly interpret and carry out or administrate, the Arizona Revised Statutes, which are directly under the Arizona State's Constitution which in turn, is under the United States Constitution." *Id.* at 3.

The federal habeas statute requires a petitioner to allege a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has repeatedly stated that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). Zihir challenges the application of a state law, and therefore his claims are not cognizable on federal habeas review. *McCowan v. Nelson*, 436 F.2d 758, 759 (9th Cir. 1970) (holding that the defendant's challenge to the state's application of parole statutes raised only questions of state law, and was therefore not cognizable on federal habeas corpus review).

The R&R also recommended that a COA and leave to proceed *in forma pauperis* on appeal be denied because Petitioner has not made a substantial showing of the denial of a constitutional right. Doc. 29, at 5. Zihir has not objected or shown that a COA and leave to appeal *in forma pauperis* are warranted. The Court therefore adopts the R&R's recommendations.

**IT IS ORDERED:**

1. Judge Anderson's R&R (Doc. 29) is **accepted**.
2. The second amended petition for writ of habeas corpus (Doc. 15) is **denied**.

3. A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** as stated above.

Dated this 13th day of December, 2011.

_____
David G. Campbell
United States District Judge